UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTECH HOLDING
CORPORATION,

       Plaintiff,

v.

Case No. 14-cv-14049

HON. MARK A. GOLDSMITH

WM GREENTECH AUTOMOTIVE
CORPORATION, et al.,

       Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF
WITNESSES FOR DEPOSITION (Dkt. 83)**

       This matter is before the Court on Plaintiff Plastech Holding Corporation's ("PHC") motion to compel Defendant JAC Motors to produce eleven Chinese witnesses for depositions in the Eastern District of Michigan (Dkt. 83). The issues have been fully briefed and a hearing was held on June 14, 2016. As explained fully below, the Court denies PHC's motion.

**I.  BACKGROUND**

       The Court has already provided a detailed factual background for this case. See Plastech Holding Corp. v. WM Greentech Auto. Corp., ___ F. Supp. 3d ___, 2016 WL 93423, at *1-*2 (E.D. Mich. Jan. 8, 2016). For the sake of brevity, the following background is pertinent to the issues in the present motion.

       PHC initially filed this action on October 21, 2014 against only Defendants WM Industries Corporation, GreenTech Automotive Corporation, and GreenTech Automotive, Inc. (collectively "GreenTech") (Dkt. 1). JAC Motors then sought to intervene in this matter (Dkt. 24). PHC conditionally opposed JAC Motors' motion to intervene because the PHC-JAC

1

Motors contract contained a provision for mandatory arbitration in Hong Kong. See 1/13/2015 Order at 2 (Dkt. 34); see also Framework Agreement at 11 (Dkt. 35-1).

Following a telephonic status conference, JAC Motors "consent[ed] to the jurisdiction and forum of this Court, consent[ed] to service through counsel, and waive[d] any claim to arbitration relating to this dispute." 1/13/2015 Order at 2. The parties also agreed to allow PHC to file an amended complaint naming JAC Motors as a defendant, id. at 3, which PHC did, see 2d Am. Compl. (Dkt. 35). According to PHC, it terminated initial efforts it had undertaken to initiate the arbitration in Hong Kong. See Pl. Reply at 2 (Dkt. 94).

On April 22, 2016, PHC served JAC Motors with eleven deposition notices, each of which sought to have the depositions take place in Southfield, Michigan. See Dep. Notices, Ex. B to Pl. Mot., at 2-34 (cm/ecf pages) (Dkt. 83-3). According to PHC, JAC Motors informed PHC that it would not produce the witnesses for depositions in the United States, but offered to produce them in Taipei, Taiwan. Pl. Mot. at 8 (Dkt. 83); see also Def. Resp. at 4 (Dkt. 91) (claiming that JAC Motors offered to conduct the depositions via video conference or have its witnesses travel to Taipei for live depositions). This motion to compel followed.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the party serving a notice of deposition initially selects the location of the deposition. When a dispute concerning that location arises, it is within this Court's discretion to designate the location of the deposition after having considered the facts and equities of that case. Lomax v. Sears, Roebuck & Co., 238 F.3d 422, at *3 (6th Cir. 2000) (table) (per curiam) ("District courts have wide discretion to limit discovery . . . including with regard to the designation of the time and place of depositions."). Because there is a presumption "that the defendant will be examined at his residence or place of

business or employment," absent special circumstances, "a party seeking discovery must go where the desired witnesses are normally located." Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (Binder, M.J.). This presumption "may be even stronger" when the deponent is foreign and "may be more inconvenienced by having to travel to the United States than a [deponent] who merely resides in another state or in another judicial district." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010) (citing Farquhar, 116 F.R.D. at 73). The presumption may be overcome by considering the factors of cost, convenience, and litigation efficiency. Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001); MEMC Elec. Materials v. Balakrishnan, No. 2:12-CV-344, 2012 WL 1606053, at *3 (S.D. Ohio May 8, 2012).

PHC raises several arguments that special circumstances exist in this case to warrant a departure from the presumption that the witness should be deposed at his or her residence or place of business. PHC first contends that it did not choose to bring suit against JAC Motors in this forum. Pl. Mot. at 9. Rather, PHC argues that JAC Motors chose this forum when JAC Motors sought to intervene, and PHC only consented to JAC Motors' involvement when JAC Motors agreed not to challenge this Court's jurisdiction and waive its rights to arbitration. Id. PHC further argues that the parties' contract was signed in Michigan and JAC Motors' "employees frequently traveled to Michigan during the course of the parties' relationship." Id.

In response, JAC Motors claimed that, after PHC filed its lawsuit, "JAC Motors had no choice" but to intervene "to preserve and protect its substantial economic and legal interest in its distribution agreement with GreenTech and to vindicate its business reputation." Def. Resp. at 2; see also id. at 7-10. JAC Motors also states that PHC has provided no authority for the

3

proposition that intervention, by itself, constitutes a special circumstance to justify deviating from the general rule. Id. at 9-10.

Underlying the presumption that the defendant will be examined at his residence or place of business or employment is the theory that the plaintiff is the one who brought the lawsuit and exercised the "first choice as to the forum," unlike the defendant, who is "not before the court by choice." Farquhar, 116 F.R.D. at 72. However, PHC's argument concerning choice of forum is weakened in this case because JAC Motors is not, in fact, an intervener. The Court did not grant JAC Motors' motion to intervene in this action. Instead, in accordance with the parties' own stipulation and the second amended complaint, the parties resolved the issues presented in the intervention motion and JAC Motors was named as defendant. Technically, JAC Motors has the same party status as GreenTech, an original party.

There is a twist in this case, in that JAC Motors did attempt to intervene in this matter; that tends to undercut its contention that it is not in this action by choice. Nevertheless, as practical matter, JAC Motors was faced with a difficult decision — either continue to be subjected to arbitration in Hong Kong, or try to directly protect its relationship with GreenTech, which would likely be impacted by this lawsuit. Given JAC Motors' technical status as an added party and the economic realities that brought that about, JAC Motors' aborted intervention does not overcome the presumption that the depositions should occur where the witnesses are located.

Next, PHC argues that conducting the depositions in Taiwan would be unduly burdensome and expensive because all of the parties' lawyers are located in the United States, as is PHC, and JAC Motors has not agreed to pay costs. Pl. Mot. at 10. PHC also challenges the presumption of conducting the depositions where the witnesses work or live, because depositions

in mainland China are not legally possible. Pl. Mot. at 11.[1] And, according to PHC, because the witnesses would have to travel to Taiwan, the witnesses will only be slightly more inconvenienced by flying to the United States instead. Pl. at 11.

In response, JAC Motors contends that requiring the depositions to take place in the United States would be more burdensome and costly. For instance, according to JAC Motors, Chinese citizens must secure a visa before traveling to the Unites States, the process of which "is often difficult, expensive, and time consuming." Def. Resp. at 3; see id. at 11-12. Assuming the Chinese government grants the visa applications, JAC Motors claims that the travel would significantly inconvenience the witnesses, each of whom would travel approximately 24 hours each way and miss at least five days of work. Id. at 13. JAC Motors further argues that the expense of travel, lodging, and lost productivity amounts to a substantial economic impact on the witnesses, as opposed to the travel costs of PHC sending an attorney to Taipei. Id.; see also id. (citing Pogue v. The Nw. Mut. Life Ins. Co., No. 3:14-CV-598-CRS-CHL, 2016 WL 2343898, at *4 (W.D. Ky. May 3, 2016)).

In its reply, PHC states that it would have to send at least two attorneys to attend the depositions, and that JAC Motors and GreenTech would also have to send attorneys. Pl. Reply at 3 (Dkt. 94). PHC also claims that client representatives would have to attend, as would interpreters. Id. at 3-4.

---

[1] There appears to be no dispute that the depositions could not legally take place at JAC Motors' headquarters in Hefei, China, because such discovery is not permitted in mainland China. See Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd., No. 4:13-CV-01043 SPM, 2014 WL 2986685, at *1 (E.D. Mo. July 1, 2014) (Mensah, M.J.) (recognizing that "discovery in mainland China is prohibited under the Hague Evidence Convention"). For that reason, JAC Motors proposed that the depositions take place in Taipei, Taiwan, which is approximately 500 miles from Heifei, see Pl. Mot. at 11, and over 7,000 miles away from Southfield, Michigan, see Def. Resp. at 3.

On balance, the Court finds that the equities concerning cost and convenience weigh in favor of JAC Motors.  First, PHC already knew that, in light of the mandatory arbitration clause in the parties' contract, a dispute with JAC Motors would require travel to Asia.  To suggest that the cost associated with traveling to Taiwan to conduct depositions is now unnecessarily burdensome ignores that PHC had agreed to a far greater burden — full arbitration — that was to be assumed along with the burden of litigating against GreenTech in Michigan.  Second, PHC's claim that it would experience financial hardship in traveling to Taiwan is also insufficient to overcome the presumption that a defendant will be examined at his or her residence or place of business or employment.  Mapal, Inc. v. Atarsia, No. 15-12159, 2016 WL 67603, at *3 (E.D. Mich. Jan. 6, 2016).  Third, the inconvenience of eleven Chinese witnesses securing travel visas and missing several days of work outweighs the inconvenience of at least two of PHC's attorneys traveling to Taiwan to conduct depositions.  Even assuming that individuals making the trans-Pacific flight are unable to be productive during that time, the inconvenience to PHC affects the two attorneys, whereas the inconvenience to JAC Motors affects eleven witnesses.

Finally, PHC argues for the first time in its reply that there would be greater difficult for the Court to supervise depositions if they take place in Taiwan.  Pl. Reply at 4.  Specifically, PHC contends that, given the time difference, "it would be nearly impossible [for the Court] to intervene in any [deposition] disputes."  Id.

The Court finds PHC's argument unavailing for three reasons.  First, PHC does not offer any reason to believe that the Court's involvement would be necessary.  Second, if the attorneys are concerned about any anticipated problems, such as the propriety of subject matters or lines of inquiry, counsel can seek advance directives from the Court.  And third, while it is true that Taipei is 12 hours ahead of Detroit, such that immediate feedback could be problematic, the

attorneys can arrange a time to speak with the Court to discuss any issues that arose during the prior day's depositions. Therefore, PHC's arguments regarding judicial efficiency do not overcome the presumption that the depositions should occur where the witnesses are located.

Accordingly, based on the facts of this case and a careful balancing of the equities, the Court denies PHC's motion.[2] Each party requested that, in the event the motion is denied, the Court should order that the depositions take place in Taiwan. See Def. Resp. at 16; Pl. Reply at 7. Having denied the motion, the Court grants the parties' request and orders that the eleven JAC Motors' witnesses' deposition take place in Taiwan.

### III.  CONCLUSION

For the reasons stated above, the Court denies PHC's motion to compel the production of witnesses for deposition (Dkt. 83). The depositions for the eleven JAC Motors witnesses shall take place in Taiwan.

SO ORDERED.


Dated:  June 29, 2016                             s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2016.

                                                  s/Karri Sandusky
                                                  Case Manager

---

[2] In its response, JAC Motors requests that the depositions be taken via video conference or to have PHC bear the costs associated with taking the depositions in the United States. See Def. Resp. at 13-15. Because PHC's motion is denied, the Court denies these alternative requests as moot.

7